IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR131 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SCOTT D. FREESE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on motion of defendant Scott D. Freese (Freese) to compel (Filing No. 154). The court held a hearing on the motion on April 7, 2006. Freese was present along with his counsel, Jim K. McGough and Todd W. Lancaster. The United States was represented by Assistant U.S. Attorney Joe Stecher.

Freese sought a government statement demonstrating the entry and exit dates of the Defendant conspirators as previously ordered by the court (Paragraph 1). Mr. Stecher stated that such a statement would be provided forthwith. Such assurance was satisfactory to Mr. McGough and no further court order was requested.

Freese sought prior testimony from various individuals as set forth in Paragraph 2 of his motion. Mr. Stecher responded that any testimony before the grand jury or at a trial of the named individuals have been or would be provided to Mr. McGough before the close of business on April 12, 200, otherwise such testimony did not exist to the knowledge of the government's attorney. Such representation was satisfactory to Mr. McGough and no further court order was requested.

Freese requested copies of proffers of individuals set forth in Paragraph 3 of the motion. The government resisted providing such proffers unless they were of an individual who would be testifying in this matter. The Jencks Act, 18 U.S.C. § 3500 requires the production of any written statements by a witness after such witness has testified on direct examination. ***United States v. Green***, 151 F.3d 1111, 1115 (8th Cir. 1998). The Jencks Act does not require the production of such statements in <u>advance</u> of trial. Freese's motion to compel will be denied as to Paragraph 3 of his motion.

Freese requests transcripts of all his intercepted conversations even though the government has not designated such transcripts for use at trial. Freese acknowledged that he has the tape recordings but not all transcripts. The government acknowledged there were some transcripts of Freese's intercepted communications which were not being designated for use at trial and will provide any available transcripted conversations of Freese by close of business on April 12, 2006. Such assurance was satisfactory to Mr. McGough and no further order was required from the court.

In Paragraph 5 of his motion, Freese seeks disclosure of exculpatory material pursuant to **Brady v. Maryland**, 373 U.S. 83 (1963). The government responded that it was aware of its obligation and will disclose such material to Freese in a timely fashion. The government is reminded that such disclosure must be made before it is too late for the defendant to make use of the evidence. **United States v. Bagley**, 473 U.S. 667 (1985); **United States v. Agurs**, 427 U.S. 97 (1976). No further order is required from the court.

### IT IS ORDERED:

Freese's motion to compel (Filing No. 154) is granted and denied as set forth above.

### IT IS FURTHER ORDERED:

A protective order is issued to the extent that copies of grand jury testimony, proffer materials, and any transcripts of intercepted communications which are disclosed to the defendant pursuant to this order and pursuant to agreements referenced in this order shall not be disclosed to persons other than Freese himself or his legal defense team and shall not be copied in any event.

DATED this 10th day of April, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge