# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR131** |
| | ) | |
| Plaintiff, | ) | **AMENDED** |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **SCOTT D. FREESE,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Order and Report and Recommendation (Filing No. 117) issued by Magistrate Judge ordering denial of the Defendant's Motion to Sever (Filing No. 83) and recommending denial of the Defendant's Motion to Suppress (Filing No. 84). Freese filed a statement of objections to the Report and Recommendation (Filing No. 125) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a). Because the "objections" also address the order denying severance, the Court construes the "objections" also as an appeal of the order denying severance filed pursuant to 28 U.S.C. § 636(b)(1)(A) and NECrimR 57.2(a).[1]

Freese is charged together with five codefendants in a one-count Indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. He seeks an order severing his case from that of codefendants Pablo Reza Landin and Raul Jimenez[2] and an order suppressing numerous intercepted telephone conversations.

---

[1] This is an amended Memorandum and Order. The original was filed on December 19, 2005. The reason for issuing this amended order is to include a formal denial of the motion to sever (Filing No. 83) in the order portion of the document appearing on the last page.

[2] The remaining codefendants have pleaded guilty.

Following an evidentiary hearing, Judge Thalken issued an Order and Report and Recommendation. With respect to the motion to sever, he concluded: Freese failed to show prejudice due to juror confusion; and the various defenses are reconcilable, and, therefore no prejudice would exist as a result of a joint trial. For these reasons, Judge Thalken denied the motion to sever. Regarding the motion to suppress, Judge Thalken concluded that the communications were lawfully intercepted, and Freese failed to show that each conversation was subject to the attorney-client privilege. On the basis of these determinations, Judge Thalken recommended that the Defendant's motion to suppress be denied.

### STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the events surrounding the events relevant to both motions. The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 106). The Court also carefully viewed the evidence and has read each of the intercepted conversations in question (Filing No. 102). Based on the Court's review of the evidence and arguments, the Court adopts Judge Thalken's factual findings in their entirety with respect to the motions to sever and suppress.

### MOTION TO SEVER

*Standard of Review*

Pursuant to 28 U.S.C. § 636(b)(1)(A) and NECrimR57.2, the court has reviewed the order from which this appeal has been taken. In an appeal from a magistrate judge's order on a pretrial matter pursuant to 28 U.S.C. § 636(b)(1)(A), a district court may set aside any

part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); NECrimR57.2(c).

### *Analysis*

In Freese's appeal, he raises the identical arguments set out in the motion to sever and delivered orally at the evidentiary hearing. Freese argues that a joint trial will result in confusion insofar as the jury will not be able to distinguish mere association from participation in the alleged conspiracy. Freese argues that Freese's alleged involvement in the conspiracy is limited to giving advice to his codefendants as opposed to possession or distribution of methamphetamine.

The Court agrees with Judge Thalken insofar as all of the evidence appears to be admissible against each defendant, and limiting instructions exist to cure any perceived jury confusion. Even assuming a variance in the amount of evidence admissible against Freese, "there is no requirement in a joint trial that 'the quantum of evidence of each defendant's culpability be equal.' " *United States v. Flores,* 362 F.3d 1030, 1042 (8th Cir. 2004) (quoting *United States v. Cadwell,* 864 F.2d 71, 73-74 (8th Cir.1988)).

Addressing the issue of whether the defenses are irreconcilable, by merely arguing that Freese has a defense different or antagonistic defense from his remaining codefendants Freese has failed to meet the high standard of proving "a 'serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.' " *Id.* at 1040-41.

For these reasons, and for the reasons explained by Judge Thalken, the appeal is denied and Judge Thalken's denial of the Defendant's motion to sever is affirmed.

**MOTION TO SUPPRESS**

### *Standard of Review*

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

### *Analysis*

The Defendant objects generally to Judge Thalken's Report and Recommendation,[3] arguing that because Freese had an ongoing attorney-client relationship with codefendants Benjamin Sukup and Jesus Padilla, the communications in question are privileged and must be protected.

The general rule is that the attorney-client privilege "is personal and cannot be asserted by anyone other than the client." *United States v. Fox,* 396 F.3d 1018, 1023 (8th Cir. 2005). Therefore, as the attorney Freese cannot protect the privilege. *Id.* Moreover, the purpose of the privilege is to protect communications for the purpose of obtaining legal advice or services. *Hanes v. Dormire,* 240 F.3d 694, 717 (8th Cir. 2001). The Court agrees with Judge Thalken that merely scheduling a meeting is not privileged conversation and Freese did not show that any communications involved legal advice or strategy. *United States v. Johnston,* 146 F.3d 785, 794 (10th Cir. 1998) (stating that a communication can

---

[3] The requirement that the portions of a report and recommendation be specified in a party's statement of objections envisions references to specified pages, factual findings or legal conclusions.

only be privileged if it involves legal advice or strategy).  Finally, the attorney-client privilege does not protect communications undertaken during the course of committing a crime.  *In re Bankamerica Corp. Sec. Litig.,* 270 F.3d 639, 641 (8th Cir. 2001).

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 117) is adopted in its entirety;

b. The Statement of Objections to the Report and Recommendation (Filing No. 125) is denied;

3. The Defendant's Motion to Suppress (Filing No. 84) is denied; and

4. The Defendant's Motion to Sever (Filing No. 83) is denied.

DATED this 19th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge