IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR131 |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | MEMORANDUM AND ORDER |
| SCOTT D. FREESE, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the Defendant's motion to sever and supporting brief (Filing No. 231).[1]

Freese is charged together with five codefendants in a one-count Indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. He again[2] seeks an order severing his case from that of codefendants Pablo Reza Landin and Raul Jimenez.[3]

With respect to the previously filed motion to sever, the Court agreed with Magistrate Judge Thalken's conclusions that Freese failed to show prejudice due to the likelihood of juror confusion, or that the defendants' various defenses are irreconcilable, and that no prejudice would in fact exist as a result of a joint trial.

---

[1] The supporting brief indicates in the certificate of service that it was served on former counsel for Pablo Reza Landin in violation of NECrimR49.5(a) & (b)(1). While the Court could deny the motion on this ground alone, it will decide the motion on its merits given the limited time available between now and trial, and also recognizing that the Court's ECF system reflects that the brief was received by Landin's present counsel.

[2] Freese was previously unsuccessful in requesting severance from the same codefendants. (Filing Nos. 117, 234.)

[3] The remaining codefendants have pleaded guilty.

Freese again raises the argument that a joint trial will result in confusion insofar as the jury will not be able to distinguish mere association from participation in the alleged conspiracy. Freese argues that his alleged involvement in the conspiracy was limited to giving advice to his codefendants as opposed to possession or distribution of methamphetamine.

As Judge Thalken and I have previously stated, all of the evidence appears to be admissible against each defendant, and limiting instructions exist to cure any perceived jury confusion. Even assuming a variance in the amount of evidence admissible against Freese, "there is no requirement in a joint trial that 'the quantum of evidence of each defendant's culpability be equal.' " *United States v. Flores,* 362 F.3d 1030, 1042 (8th Cir. 2004) (quoting *United States v. Cadwell,* 864 F.2d 71, 73-74 (8th Cir.1988)).

Addressing the issue of whether the defenses are irreconcilable, by merely arguing that Freese has a defense different from or antagonistic to his remaining codefendants, Freese has failed to meet the high standard of proving "a 'serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.' " *Id.* at 1040-41.

Freese also notes that Shaun Downey, one of two lawyers representing codefendant Landin, has been accused of sexual assault on a child. The alleged incident involving Mr. Downey has been reported in the news media. Freese that because he is also an attorney, he may be found guilty by reason of association particularly since he is accused of the instant alleged criminal activity in connection with his service as an attorney for codefendant Jesus Padilla. Freese has not supported his argument with any legal authority.

The Court concludes that Freese has failed to meet the required standard. Certainly, the issues raised can be addressed, if counsel wish, through voir dire. The issues may also be addressed through the jury instructions. Any potential prejudice may be adequately resolved through those avenues.

For these reasons, the motion will be denied.

IT IS ORDERED that the Defendant's motion to sever (Filing No. 231) is denied.

DATED this 19th day of April, 2006.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge